WERDEGAR, J., Dissenting.
The result the majority reaches in this case, by effectively shortening the period within which creditors may sue a surviving spouse on obligations incurred for necessaries of life, may be *314 desirable from a policy standpoint as contributing to prompt resolution of such claims and a sense of closure for parties who have suffered the loss of a spouse. Be that as it may, the policy choice the majority has effectuated is properly one for the Legislature alone to articulate, and—unlike the majority—I do not read the relevant statutes as doing so. Accordingly, I dissent.
The Court of Appeal in the present case correctly concluded Donald Rumsey was independently liable for the expenses of his wife’s hospitalization pursuant to Family Code section 914, and that the four-year statute of limitations for open book accounts governed such liability (Code Civ. Proc., § 337). As the majority acknowledges, Family Code section 914 addresses a married person’s liability for debts incurred during marriage. (Fam. Code, § 914, subd. (a).) Nothing in the statute suggests, nor does Mr. Rumsey even argue, that the liability so incurred somehow vanishes, or transmutes into a liability that is merely “derivative,” at the moment of the spouse’s death.
Underlying the majority’s opinion appears to be the premise that the liabilities created by Family Code section 914 and Probate Code section 13550, respectively, are functionally identical. The latter liability is one of the deceased spouse, not the survivor, and may be the subject of a distinct cause of action brought against the personal representative, or the surviving spouse as distributee, of the decedent’s estate. The sources of recovery in an action under Probate Code section 13550, moreover, are limited in ways that an independent action under Family Code section 914 are not. (See Prob. Code, § 13551 [referring to the surviving spouse’s one-half and the decedent’s one-half of the community and quasi-community property, and the separate property of the decedent].)[1] Family Code section 914, in contrast, describes the liability of the married person’s separate property, but only for his or her spouse’s necessaries of life. These differences, apparent on the face of the statutes, compel the conclusion that the two types of actions are not coextensive, but, rather, independent.
In maintaining a contrary view, the majority relies on the “strong public policy of expeditious estate administration evidenced in Probate Code section 13554’s incorporation of a one-year statute of limitations for suit to *315 recover on ‘any debt’ of a deceased debtor-spouse.” (Maj. opn., ante, at p. 312.) This policy, however, is not jeopardized—or even implicated—by the Court of Appeal’s decision, to which I would adhere. Plainly, an action of the kind with which we are concerned in this case, once recognized as independent of the deceased spouse’s own obligation and as seeking satisfaction against the surviving spouse personally, in no way interferes with the administration of the decedent’s estate. Indeed, in the present case no proceedings were ever instituted for the administration of Mrs. Rumsey’s estate; hence, the policy is unaffected by any ruling in this case.
The majority also relies, in support of its conclusion, on the existence of a married person’s right to reimbursement for payment of his or her spouse’s necessaries of life and the time limitations on that right: reimbursement must be sought within three years after the person has actual knowledge that his or her separate property has been applied to the debt, or in proceedings upon dissolution of the marriage or the death of the spouse, whichever occurs first, whereas open book accounts are governed generally by a four-year limitations period. (See Fam. Code, § 914, subd. (b); id., § 920, subd. (c)(1); Code Civ. Proc., § 337, subd. 2.) The majority fails, however, to specify any basis in the statutory language for its conclusion that the married person’s right to reimbursement delimits the creditor’s right to satisfaction of the obligation. Nor does the majority acknowledge the conditional nature of the married person’s reimbursement right. By limiting the right to those times “when nonexempt property in the community estate or separate property of the person’s spouse is available but is not applied to the satisfaction of the debt” (Fam. Code, § 914, subd. (b)), the Legislature apparently understood there might be times when no other property—either nonexempt community property or separate property of the spouse—is available.
As the California Law Revision Commission essentially recognized, the remedy of reimbursement is not favored in the law. Reimbursement generates difficult accounting and proof problems, and is “inimical to sharing principles during marriage.” (Recommendation Relating to Liability of Marital Property for Debts (Jan. 1983) 17 Cal. Law Revision Com. Rep. (1984) pp. 16-17 [because of discovery and proof problems and the risk of erroneous determinations, the reimbursement right “should be strictly limited to a period of three years after application of the property to the satisfaction of the debt”].) Because the death of a spouse can only tend to exacerbate discovery and proof problems, questions of the availability of reimbursement should not govern our interpretation of the statutes at issue here.
The rule the majority announces will have unanticipated consequences. Its reasoning logically must apply to other, analogous, so-called derivative *316 obligations, such as loans to decedents cosigned by surviving spouses. That such a result will upset parties’ settled expectations goes without saying. I therefore dissent.

Probate Code section 13551 provides: “The liability imposed by Section 13550 shall not exceed the fair market value at the date of the decedent’s death, less the amount of any liens and encumbrances, of the total of the following: [5D (a) The portion of the one-half of the community and quasi-community property belonging to the surviving spouse under Sections 100 and 101 that is not exempt from enforcement of a money judgment and is not administered in the estate of the deceased spouse. [^] (b) The portion of the one-half of the community and quasi-community property belonging to the decedent under Sections 100 and 101 that passes to the surviving spouse without administration. fl[] (c) The separate property of the decedent that passes to the surviving spouse without administration.”